CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Clarissa Pacelli, | ) |
|        Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 3:23-cv-00028 |
| FREEJUMPSYSTEM, | ) |
|        Defendant. | ) |
| FREEJUMPSYSTEM, | ) |
|        Third-Party Plaintiff, | ) |
| v. | ) |
| Helite SAS, | ) |
|        Third-Party Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on Third-Party Defendant Helite SAS's ("Helite") consent motion to vacate the clerk's entry of default and for leave to file a response to the third-party complaint. (Dkt. 38.) For the reasons set forth below, the court will grant Helite's motion.

### I.   Background

On May 23, 2023, Plaintiff Clarissa Pacelli filed a class action complaint against Freejump Developpement in the U.S. District Court for the Western District of Virginia, Charlottesville Division. (Dkt. 1.) On March 26, 2024, Pacelli amended her complaint,

dropping Freejump Developpement, and naming FREEJUMPSYSTEM as the sole defendant. (Dkt. 16.) The lawsuit stems from injuries Pacelli suffered while wearing an allegedly defective vest for horseback riding vest, which was purportedly designed, manufactured, marketed, distributed, and sold by FREEJUMPSYSTEM. (*Id.* ¶ 1.) FREEJUMPSYSTEM, in turn, claims Helite engineered and manufactured the vest. (Dkt. 22 at 2.) So, FREEJUMPSYSTEM filed a third-party complaint against Helite on May 29, 2024. (*See* Dkt. 22.)

In an October 2024 joint status report, Pacelli and FREEJUMPSYSTEM relayed to the court that serving Helite had proven difficult, and that it might take many more months to effectuate service. (Dkt. 26 at 2.) In a December 2024 joint status report, the parties notified the court that it could take up to a year to serve Helite through the Hague Convention. (Dkt. 34 at 2; Decl. of Karen Adams at 2 (Dkt. 34-1).) As a result of that difficulty, and "[i]n an effort to expedite proceedings," FREEJUMPSYSTEM filed a motion for the court to direct the Clerk of Court to mail the third-party complaint and summons to Helite. (Dkt. 34 at 2; *see* Dkt. 33.) The court granted that motion, (Dkt. 35), and a copy of the third-party complaint and summons was sent via UPS to Helite on December 18, 2024, (Dkt. 36-2 at 2).

FREEJUMPSYSTEM represented that—based on the UPS tracking information—the third-party complaint and summons "were delivered to the Helite Registered Headquarters located at 1 Rue de la Petite Fin, 21121 Fontaine-lès-Dijon – France, and received by an individual named Marmier." (*Id.* at 3.) On February 12, 2025, after Helite did not answer or otherwise appear, FREEJUMPSYSTEM moved for a clerk's entry of default as to Helite under Federal Rule of Civil Procedure 55(a). (Dkt. 36.) On March 11, 2025, the clerk entered default as to Helite. (Dkt. 37.)

On April 11, 2025, Helite made a limited appearance to move the court to set aside the clerk's entry of default. (Dkt. 38; Third-Party Def. Helite's Mem. of Law in Supp. of Consent Mot. to Vacate the Clerk's Entry of Default and for Leave to File a Resp. to Third-Party Comp. (Dkt. 39) [hereinafter "Helite Mem."].)

## II. Standard of Review

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default under Rule 55(c), the court considers (1) "whether the movant has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969).

## II. Analysis

### A. Whether Helite has a Meritorious Defense

The first factor requires the court to consider whether Helite possesses a meritorious defense. In weighing this factor, the court notes that the defendant's burden is minimal, *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F.2d 249, 251 (4th Cir. 1967), and "[t]he court 'has discretion to determine whether a proffered defense or counterclaim is meritorious.'" *Parks v. Disc. Box & Pallet, Inc.*, No. 5:12-cv-00081, 2013 WL 662951, at *5 (W.D. Va. Feb. 22, 2013) (quoting *Bank of Southside Va. v. Host & Cook, L.L.C.,* 239 F.R.D.

- 3 -

441, 445 (E.D. Va. 2007)). Accordingly, "a meritorious defense will be established if the [movant] proffers evidence that, 'if believed, would permit the court to find for the prevailing party.'" *DirecTV, Inc. v. Aiken*, No. 3:03-cv-00049, 2004 WL 547221, at *2 (W.D. Va. Mar. 16, 2004) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). "[E]ven a tenuous defense may suffice so long as a court can discern the possibility that a defendant may vindicate his claim." *Id.* (internal quotation marks omitted).

Here, Helite asserts that it has at least two meritorious defenses, such as the failure to state a claim upon which relief can be granted and the lack of personal jurisdiction. (*See* Helite Mem. at 4.) It proffers little evidence that would permit the court to make such a finding. While Helite's burden is minimal, "[m]erely alleging in conclusory fashion that a meritorious defense exists does not suffice." *Jackson v. Dameron*, No. 7:22-CV-00090, 2023 WL 8115569, at *2 (W.D. Va. Nov. 22, 2023) (citing *Consol. Masonry & Fireproofing, Inc.*, 383 F.2d at 251–52). However, because other factors weigh in favor of granting the motion, the court "will assume, for the sake of argument, that this factor weighs in favor of" Helite. *Cofield v. Worktime, Inc.*, No. CV 22-00727-SAG, 2022 WL 2315723, at *2 (D. Md. June 28, 2022).

### B. Whether Helite Acted with Reasonable Promptness

The second factor requires the court to consider whether Helite has acted in a reasonably prompt manner in moving to set aside the clerk's entry of default. In this case, the clerk entered default on March 11, 2025. (Dkt. 37.) And Helite filed its motion to set aside on April 11, 2025. (Dkt. 38.) In similar situations, courts have found that a defaulting party acted with reasonable promptness. *See Jackson*, 2023 WL 8115569, at *3 (W.D. Va. Nov. 22, 2023) (delay of twenty days is reasonably prompt); *Wainwright's Vacations, LLC v. Pan Am.*, 130

F. Supp. 2d 712, 718 (D. Md. 2001) (one month's delay is reasonably prompt in light of difficulty obtaining counsel and lack of assistance from counsel); *Farrar v. Cessna Aircraft Co.*, No. 2:18-CV-00461, 2022 WL 16554697, at *3 (S.D. W. Va. Oct. 31, 2022) ("District courts in the Fourth Circuit have found that a defendant acted with reasonable promptness when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside."). The court finds that this factor weighs in favor of granting Helite's motion.

### C. Personal Responsibility of Defaulting Party

The third factor requires the court to analyze Helite's personal responsibility in failing to respond. Helite claims it was not properly served under the Hague Convention and that it should not be penalized "for any delay due to concerns about proper service." (Helite Mem. at 5.) Thus, Helite appears to disclaim personal responsibility for failing to respond. Without more information at this time, the court finds that this factor is of minimal significance, and thus weighs neither in favor nor against granting the motion.

### D. Prejudice to FREEJUMPSYSTEM

The court now considers whether setting aside the clerk's entry of default would prejudice FREEJUMPSYSTEM and finds that any delay to FREEJUMPSYSTEM is minimal. First, as noted above, Helite has been reasonably prompt in appearing and moving this court following the entry of default. (*See* Dkts. 37, 38.) Second, at this early stage of litigation, without deadlines and before the start of the formal discovery process, no significant prejudice has been sustained by FREEJUMPSYSTEM. *See Bonilla Cornejo v. Xtra Care Landscaping & Design, Inc.*, No. PX-17-2348, 2017 WL 11458383, at *2 (D. Md. Nov. 29, 2017). Finally, FREEJUMPSYSTEM itself "consents to this Motion." (Helite Mem. at 3, 6.) There is no

- 5 -

indication that the delay in this case will impact FREEJUMPSYSTEM's ability to engage in discovery or present evidence to support its claims. Thus, the court finds that this factor weighs in favor of granting the motion.

### E. History of Dilatory Action

The fifth factor requires the court to consider whether there is a history of dilatory action from Helite. Here, too, Helite asserts that because it was improperly served, it should not be "penalize[d] . . . for any delay." (Helite Mem. at 5.) Thus, Helite disclaims any history of dilatory action. On this record and without further information, this factor weighs neither in favor nor against granting the motion.

### F. Availability of Less Drastic Sanctions

The sixth factor requires the court to consider the availability of less drastic sanctions. The court notes that the entry of default is indeed a drastic sanction, given that foreclosing a party to be heard on the merits is highly disfavored. Less drastic sanctions, including a warning to Helite (and all parties) concerning delay, are readily available and appropriate. In light of the Fourth Circuit's strong preference that cases be resolved on the merits, the court finds that this factor weighs in favor of granting the motion.*

---

* The court notes that this case has suffered from multiple delays to date. Service of the Amended Complaint by Pacelli against FREEJUMPSYSTEM occurred more than a year ago, and no formal discovery has yet occurred. (Dkt. 17.) Additionally, the third-party complaint against Helite was docketed (but not served) nearly eleven months ago. (Dkt. 22.) That speaks nothing of the fact that Pacelli's original complaint was filed nearly two years ago. (Dkt. 1.) As the case proceeds, the court reminds the parties that all deadlines must be met to ensure a fair and efficient resolution of this matter.

## IV.  Conclusion

After considering the various factors, the court finds that Helite has established good cause to set aside the clerk's entry of default.  Accordingly, Helite's motion to set aside the Clerk's entry of default (Dkt. 38) will be **GRANTED**.  The court will **SET ASIDE** the entry of default, (Dkt. 37), pursuant to Federal Rule of Civil Procedure 55(c).  Helite is permitted fourteen (14) days to file a response to the third-party complaint.  An appropriate Order will accompany this Memorandum Opinion.

**ENTERED** this 21st day of April, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE